4. Such record, unmodified or unreversed, may neither be impeached nor contradicted by the defendant, or any other witness in his behalf, in a collateral proceeding.

5. Such inquiries touching former convictions of crime, as affecting the credibility of the witness under above Section 13659, General Code, are not collateral to the inquiry, but directly affect the credibility of the witness.

Judgment affirmed.

Marshall, C. J., Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

---

No. 17390—Wilbur E. Simpson and Linnie G. Simpson v. Wesley A. Holmes, Admr., et al. Error to the court of appeals of Harrison county.

**GUARDIANSHIP—(1) Death of ward terminates—(2) Unpaid debts, representative of to redress.**

WANAMAKER, J.:

1. Death of the ward terminates all duties and powers upon the part of the guardian. (Sommers v. Boyd, Treas., 48 Ohio St., 648, approved and followed.)

2. Unpaid debts of the ward or guardian must be redressed through the personal representative of the ward's estate.

Judgment reversed.

Marshall, C. J., Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

---

No. 17369—The Young Men's Christian Association et al. v. Ora Davis et al. Error to the court of appeals of Franklin county.

**EXCISE TAXES—(1) Federal, a charge on decedent's estate—(2) Must be paid first—(3) Residuary legatees in position of last lienholders.**

WANAMAKER, J.:

1. The tax or excise provided for by the Federal Act of 1918 entitled "An Estate Tax," is a legal charge made upon the decedent's estate and his right to transmit it either by will or by law as an intestate.

2. The charges imposed by law upon an estate must first be paid out of the estate as a whole, before payment of the charges imposed upon the estate by the will of the testator.

3. A residuary devisee or legatee is presumed in law to be in the position of the last lienholder, after all prior lawful claims and charges have been satisfied out of the estate.

Judgment affirmed.

Marshall, C. J., Hough, Robinson, Jones, Matthias and Clark, JJ., concur.

No. 17273—The State of Ohio, ex rel, Thomas J. Connor, v. Thomas J. Noctor et al. In Mandamus.

**MUNICIPAL OFFICERS—(1) Power as to nominations of, in towns of 2,000 or more, in general assembly—(2) Act authorizing nominations by petitions in towns of less than 2,000, under Sec. 7, Art. 5, Const.—(3) Failure to provide for places of over 2,000.**

HOUGH, J.:

1. The power to provide for all nominations for elective municipal officers or municipalities of 2000 population and more was delegated to and lodged in the general assembly upon the adoption of Section 7, Article V of the constitution of Ohio, adopted September 3, 1912.

2. An act passed subsequent to the adoption of Section 7, Article V, of the constitution of Ohio, repealing Section 4996, General Code, in force at the time of such adoption, providing that "nominations of candidates for any . . . municipal or ward office may be made by nomination papers," which repealing act provides that "nominations of candidates for any elective office in any township or any municipality which at the last preceding federal census had a population of less than two thousand may be made by petitions," etc., is a valid exercise of legislative power delegated to the general assembly by the adoption of Section 7, Article V, of the constitution of Ohio.

3. In the reconstruction of the statutory election machinery, after adoption of Section 7, Article V, of the constitution of Ohio, the general assembly omitted to provide for the nomination of candidates by petition for municipal offices in municipalities of 2000 population and over.

Writ denied.

Robinson, Jones, Matthias and Clark, JJ., concur.
Marshall, C. J., and Wanamaker, J., dissent.

# OHIO LEGAL BLANKS

Deeds of All Kinds
Mortgages
Mechanics Lien Forms
Leases, Contracts
Bankruptcy Blanks
Stock Certificates
Seals
Corporation Records

Stationery and Office Supplies

# Ohio Legal Blank Co.

**1271 Ontario St., Cleveland**
**Main 7777.          Cent. 4208W.**

Send for LIST