**NORTON v GUARDIAN TRUST CO., Exr.**

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10189. Decided December 9, 1929

Mr. H. L. Deibel, Esq., Cleveland, for Norton.

Messrs. Smith, Olds, Smith and Shepherd, Cleveland, for Guardian Trust Co., Exr.

LEMERT, PJ., and SHERICK, J. (5th Dist) sitting

**SHERICK, J.**

It is conceded by the plaintiff in error that a residuary legatee's rights are postponed to all other beneficiaries under the will and by the term residue is meant the balance left after payment of all debts of the estate and the payment of all specific, demonstrative and general legacies. This is, without doubt, the law of this State.

It now appears in this court and is readily admitted by plaintiff in error that he has abandoned his position first taken and now contends that the debts of said estate should be pro-rated against the legacies to the sisters and against the residue. We are of opinion that neither position of the plaintiff in error is tenable.

It is without doubt the rule in this state that where a widow elects to take under the terms of her husband's will that she must abide by this decision and that she is entitled to receive no further portion of her husband's estate unless the will so specifically provides.

It is contended that a widow entitled to dower in this state, when taking a legacy in lieu of dower, takes not as a devisee but as a purchaser. Were this court called upon to decide this principle under the rules of common law there might be some merit in the contention of the plaintiff in error, but it hardly needs suggestion that in this state this question is fully cared for by statute.

Our attention has been called to **10,583 GC**, with reference to contribution among legatees and devisees and that this supports the position of the plaintiff in error. This section, however, must be read in connection with the following section **10584 GC**. It plainly appears therefrom that for the plaintiff in error to maintain the position which she assumes it must be shown from the four corners of the testator's will that the testator so intended a pro rata rating amongst legacies. This the testator did not do and this court is not inclined to amend the statute in her behalf. The statute is clear, explicit and needs no construction.

We believe that the view of this court is fully supported by the case of **Allen vs. Tressenrider, 72 OS. 77. The Young Men's Christian Association vs. Davis, 106 OS. 366.**

The questions raised in this case seem to have been directly before the court in Allen v. Tressenrider, and it strongly appeals to this court that a rule of law long established by statute and court decision should not arbitrarily be set aside in view of the fact of the great number of wills now in existence and written upon the established well-known rule which the plaintiff in error seeks to set aside. It is, therefore, the judgment of this court that this case be affirmed, which is done accordingly, and it is ordered that the cause be remanded to the Probate Court of Cuyahoga County, with instructions in accordance with this finding. Exceptions.

Lemert, PJ., concurs. Houck, J., not participating.