Stewart, J.,
dissenting. In my opinion the cases of Miller et al., Exrs., v. Hammond, 156 Ohio St., 475, and In re Estate of Gatch, 153 Ohio St., 401, 92 N. E. (2d), 404, have little if any bearing upon the question involved in the present case.
The Miller case involved the question of the right of a surviving spouse to have the marital deduction under the federal law free from the thrust of the federal estate tax, and the Gatch case involved the question, under Section 826 (c), Title 26, U. S. Code, of the payment of the federal estate tax upon the proceeds of policies of insurance upon the life of the decedent, in the absence of specific directions in decedent’s will.
In the case of Riggs, Gdn., v. Del Drago, 317 U. S., 95, 87 L. Ed., 106, 63 S. Ct., 109, 142 A. L. R., 1131, the Supreme Court of the United States reversed a judgment of the Court of Appeals of New York which had held a New York statute of apportionment unconstitutional.
*60 The Riggs case held that the matter of apportionment or thrust of the federal estate tax as between various beneficiaries of the estate must be determined entirely according to state law. It followed that an apportionment statute is a valid enactment.
Ohio has never adopted an apportionment statute although one was introduced in the General Assembly several years ago.
Since, under the Riggs ease, supra, the thrust of the federal estate tax must be determined by state law, I am of the opinion that by reason and analogy the case of Young Men’s Christian Assn. v. Davis, 106 Ohio St., 366, 140 N. E., 114 (affirmed, 264 U. S., 47, 68 L. Ed., 558, 44 S. Ct., 291), is determinative of the questions involved in the present case.
In the Davis case a testatrix made numerous specific bequests and devises to relatives and friends and then by residuary clause gave “all the rest, residue, and remainder” of her estate to certain charitable, religious and educational institutions. There was no provision in the will as to any apportionment of the federal estate tax.
The question involved was as to the thrust of the federal estate tax and this court held that the tax must first be paid out of the estate as a whole, and that, as stated in the syllabus, “a residuary devisee or legatee is presumed in law to be in the position of the last lien-holder after all prior lawful claims and charges have been satisfied out of the estate.”
In other words, where the testator makes no provision for the thrust of the federal estate tax the specific legatees and devisees receive their benefits free from the obligation to pay any part of the tax as against the residuary legatees and devisees.
It is true that the Davis case was concerned with a will and with probate assets exclusively but its reason *61 ing is directly applicable to the present case. Here the decedent created an irrevocable trust with a specific beneficiary, and by dying intestate she brought about the result that her husband received the residue of her property under the statute of descent and distribution, exclusive of the trust proceeds. Like the testator in the Davis case, she made no provision for the thrust of the federal estate tax. However, upon the reasoning of the Davis case, she must have intended that the beneficiary in her specific trust should receive her benefit free from the obligation to pay any part of the estate tax as against the recipient of decedent’s residuary estate. If this should result in what some might conceive to be an unjust situation, our General Assembly can easily change that by the adoption of. an apportionment statute. Many states in the Union have done just that.
In my opinion the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas should be affirmed.
Weygandt, C. J., concurs in the foregoing dissenting opinion.