VANDERVORT, EXR., APPELLEE, *v.* HODGE ET AL., APPELLEES; BOSWORTH, A MINOR, ET AL., APPELLANTS.

(No. 173—Decided January 7, 1953.)

*Messrs. Smith & Smith,* for appellee executor, P. H. Vandervort.

*Mr. Max Dennis,* for appellees Mrs. John Hodge, John William Hodge, Charles Hodge and Donald Hodge.

*Mr. John Von Klinger,* for appellees Margaret Roberts, Cecil Vaughn Roberts, Lulu Grace Roberts, Edith Matilda Roberts and William Vance Roberts.

*Mr. L. R. Curtis,* for appellees Robert Roberds and Della Roberds.

*Mr. Lawrence R. Lyons* and *Mr. Sanford A. Headley,* for appellants Janie Bosworth, Charles A. Bosworth, George M. March, Erwin P. Bosworth and Wilbur Stump.

*Mr. Kenneth O. Stone,* for appellants Ida Cowgill and Kenneth O. Stone, guardian.

*Messrs. Wead & Aultman,* for appellants W. L. Wead and F. F. Hubbell.

*Per Curiam.* This is an appeal from a judgment of the Probate Court in an action by the executor, seeking a construction of certain provisions of the will of Alfred L. Cole and the direction of the court in the execution of his trust. In his petition the executor pointed out twelve respects in which he desired the decision and direction of the court as to the true mean-

ing and intent of the testator. However, on this appeal only three assignments of error have been urged.

(1) It appears that the testator left an estate of an appraised value of about $580,000. Among the assets were three farms appraised at $83,553.25, $68,490.70, and $38,505.60, respectively, thus constituting about one-third of the total value of his estate. These farms were occupied at the time of his death and had been for many years by persons whom he described in his will as "tenants." The terms of the tenancy do not appear. He devised each of these farms to the occupying tenant in identical terms. However, the first question presented is as to the extent of the farm devised to Mrs. John Hodge for life and thereafter to her sons. The farm, of which they had been in possession for many years, contained 291 acres and had been considered at all times as a unit in dealings between the testator as landlord and the Hodge family as tenant. In devising this farm to the Hodge family, the testator used this language:

"I give, devise and bequeath to my tenant Mrs. John Hodge my farm of 270 acres situated in the township of Wilson, Clinton county and Jasper township, Fayette county, state of Ohio, for and during the term of her natural life.

"It is my will that the said farm shall continue to operate as a going concern immediately from the date of and after my death, and I therefore give and bequeath to the said Mrs. John Hodge all live stock and all farm implements on said farm at that time.

"Third: After the death of the said life tenant, Mrs. John Hodge, I give, devise and bequeath to John William Hodge, Charles Hodge and Donald Hodge, the said farm of 270 acres, absolutely and in fee simple, to them and their heirs forever, share and share alike."

It will be noted that reference to the acreage as 270 acres is inaccurate or erroneous. It is not claimed that

this inaccuracy invalidates the whole provision, but it is claimed that it limits the devise to 270 acres and excludes a tract of slightly over 21 acres which the testator acquired by inheritance, which, however, even at that time was integrated into a larger part of this same farm, and which the testator acquired at the same time from the same ancestor.

The Probate Court held that under the circumstances it was clear that the testator intended to devise the entire farm. The devise was of his "farm" to his "tenant," and as there was no other farm belonging to the testator where that land, as described in the will, was situated, the description was sufficient without any reference to the acreage. The court also pointed out, as fortifying its conclusion, that the testator had taken great pains to make specific devises of all the numerous tracts of real estate owned by him, thereby showing an intent to leave no real estate as a part of the residuum of his estate.

We are of the opinion that the Probate Court reached the correct conclusion as to the extent of this farm devised to the Hodge family, and its decision in that respect is, therefore, affirmed.

(2) Located on these farms at the time of testator's death were various items of personal property in addition to live stock and farm implements. The principal item in dispute relates to about 6,000 bushels of corn, a small portion of which was in the shock.

The question presented is whether this corn and other items not answering to the description of "live stock" or "farm implements" pass under this bequest. The Probate Court held that they did. We are unable to agree with the court in this conclusion.

Although it is true that the testator expressed the desire that his death should not interrupt the operation of his farms as going concerns, nevertheless, that expression disposed of nothing. While the Probate

Court may authorize an executor or administrator to carry on a business for a limited time and with limited power to bind the estate (Section 10509-9, General Code), and a testator may confer such power upon an executor, we know of no law that would justify a testator or a court in delivering personal assets to a legatee immediately upon decedent's death to be used in continuing a business or for any other purpose.

Of course, the expressed general desire of the testator is a circumstance to be considered in determining the meaning of his dispositive provisions, but such general expressions cannot enlarge specific and definite provisions.

Here, the testator gave as a reason for bequeathing his livestock and farm implements to the devisees of the farms, his desire that the farms continue to operate as going concerns. Undoubtedly, if he had had the power to enforce that desire, the bequest of the livestock and farm implements would have contributed to that end. He could have made many other provisions which would have tended to effectuate that result, but none would have assured it. The inclusion of the corn would not do so. The testator expressed a desire and made a provision which he deemed sufficient to effectuate that desire. The court cannot enlarge it.

Our conclusion is that only livestock and farm implements in their ordinary meaning are included in these bequests, and that corn and other grain on the farm are not included.

The construction placed upon these bequests is, therefore, modified in that respect.

(3) The last question presented relates to the federal estate tax.

In addition to the specific devises of these and other tracts of real estate, the will contains several specific bequests and ends with the usual residuary clause.

The Probate Court held that as the tax was a charge against the estate it must be paid before carrying out the dispositive provisions of the will. The result was that the specific devisees and legatees received their devises and bequests in full, and the residuary legatees received what was left in the estate after the other charges imposed by law and the will of the testator had been satisfied. The court followed *Young Men's Christian Assn.* v. *Davis,* 106 Ohio St., 366, 140 N. E., 114 (affirmed, 264 U. S., 47, 68 L. Ed., 558, 44 S. Ct., 291). It was urged by counsel for the residuary legatees that the rationale of that case is limited or modified by *Miller et al., Exrs.,* v. *Hammond,* 156 Ohio St., 475, 104 N. E. (2d), 9; and *McDougall, Admr.,* v. *Central National Bank of Cleveland, Trustee,* 157 Ohio St., 45, 104 N. E. (2d), 441. We have read those opinions, and are of the opinion that they rather affirm and approve of *Young Men's Christian Assn.* v. *Davis, supra.* In fact, the court expressly approved the *Y. M. C. A. case* and distinguished it from the cases it was considering. *Young Men's Christian Assn.* v. *Davis* held that where a will contains specific bequests and a residuary bequest without any reference to what fund should be used to pay the federal estate tax, the tax and the specific legacies must be paid in full before any amount is distributable to the residuary legatee.

In its own language, the court held, as stated in the third paragraph of the syllabus:

"A residuary devisee or legatee is presumed in law to be in the position of the last lienholder, after all prior lawful claims and charges have been satisfied out of the estate."

*Miller et al., Exrs.,* v. *Hammond, supra,* presented the question whether the widow's share upon her election to take under the law rather than under the will could be charged with any portion of the federal estate tax. Section 812 (e), Title 26, U. S. Code, effec-

tive in 1948 (which was after the decision in *Young Men's Christian Assn.* v. *Davis, supra*), provides for a marital deduction in the calculation of the tax on the death of a spouse. The inheritance of the widow, upon election to take under the law, answers the description of a marital deduction and is allowable as such in computing the tax against the whole estate. The question presented was whether the widow's inheritance, after having been expressly excepted from the tax by the federal estate tax law, could, in the absence of any state statute or testamentary expression, be charged with any portion of the estate tax. The court held that it could not be so charged. After distinguishing *Young Men's Christian Assn.* v. *Davis,* by pointing out that it was decided prior to the enactment of Section 812 (e), Title 26, U. S. Code, and that it related to testate property and not intestate property as in the instant case, the court, at page 490, said:

"From our examination of the authorities we are convinced that an entirely new question is presented in this case on which there is neither specific legislation nor applicable decisions of this court."

It should also be noted that while one of the judges dissented, it was for the reason that in his analysis of the facts and applicable statutes, he found evidence that the deceased spouse intended that the widow's inheritance should bear its share of the tax. By reading both the majority and minority opinions, it is clear that the disagreement resulted from different conclusions as to the intent of the testator, determined in the light of the applicable statutes.

In *McDougall, Admr.,* v. *Central National Bank of Cleveland, Trustee, supra,* the court was not considering testate property. It was presented with the question of whether assets not forming any part of the decedent's estate, but required to be considered as a part of the estate for estate tax calculation, should be

charged with the tax caused by their inclusion in the taxable estate in the absence of any specific declaration by the testator. The court held that there was an obligation to contribute a proportionate share of the common obligation. The court applied the general equitable principle that where two or more are charged with a common obligation and one discharges more than his share, the other may be required to contribute.

The dissenting judge in *Miller et al., Exrs.,* v. *Hammond,* delivered the opinion of the court in the *Mc-Dougall case.* On the subject of *Young Men's Christian Assn.* v. *Davis,* he said for the court at page 58:

"The instant case is not like *Young Men's Christian Assn.* v. *Davis, supra,* where, by the terms of her will, the testator indicated a preference for certain legatees by providing for them specifically and then specifically stating that what was left was to go to other legatees. In such an instance, especially where only probate assets are involved, it is apparent that those who are designated by the testator to take what is left over were intended by the testator to bear the burden of the debts, estate tax and other obligations of the estate, while the testator did not intend that those who were specifically provided for were to bear that burden."

While two of the judges dissented it was not because of any criticism of the decision in *Young Men's Christian Assn.* v. *Davis.* On the contrary, notwithstanding the many features of dissimiliarity, they still were of the opinion that *Young Men's Christian Assn.* v. *Davis* was "determinative of the questions involved in the present case."

For these reasons, the judgment is modified in the respect indicated, and is affirmed as modified.

*Judgment accordingly.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.