Taft, J.
As it did in Miller et al., Exrs., v. Hammond, 156 Ohio St., 475, 104 N. E. (2d), 9, the question to be determined in the instant case arose because of the enactment of Section 812 (e), Title 26, U. S. Code, effective in 1948, by which Congress created the so-called “marital deduction” under which bequests and. certain transfers to a surviving spouse qualify as deductions from the gross estate of a decedent in the computation of the federal estate tax.
Decedent’s widow contends that the decision of this court in Miller v. Hammond, supra, requires affirmance of the judgment of the Court of Appeals. On the other hand, the guardian ad litem of decedent’s daughter, who will be herein referred to as the guardian, contends that, because of certain provisions of Section 10504-55, General Code pursuant to which the widow made her election, the decision of this court in Miller v. Hammond, supra, does not apply.
Section 10504-55, General Code, reads so far as pertinent :
“After the probate of the will and filing of the inventory, appraisement and schedule of debts, the Probate Court on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any, to elect whether to take under the will or under the statute of descent and distribution. In the event of election to take under the statute of descent and distribution, such spouse shall take not to exceed one-half of the net estate. * * *” (Emphasis added.)
The guardian contends that “the net estate” is what remains of the estate after all debts and obligations of decedent and of the estate, including the federal estate tax, have been paid; and that the widow’s election can entitle her to no more than one-half of that.
We are in agreement with the Court of Appeals that the words “net estate,” as used in Section 10504-55, General Code,, describe the same property as. do those. *206 words of Section 10503-4, General Code, which describe the property to be distributed and to descend and pass pursuant to the provisions of the latter statute. We are further of the opinion that the decision of this court in Miller v. Hammond, supra, fully supports the judgment which the Court of Appeals rendered in the instant case.
Such a decision, however, results in the widow receiving as her “one-half of the net estate,” somewhere between $286,000 and $296,000 (or between 37 per cent and 42 per cent) more than all the others entitled to share in the estate. In view of this result, we are inevitably though reluctantly led to a reconsideration of our decision in Miller v. Hammond, supra.
At the outset, it may be noted that, in enacting the subsection of the statute providing for the marital deduction (Section 812 (e), Title 26, U. S. Code), Congress disclaimed any intention that the marital deduction should not be burdened by the estate tax. Thus, in paragraph (1) of that subsection, in defining the marital deduction, it is stated:
“(E) Valuation of interest passing to surviving spouse. In determining for the purposes of subparagraph (A) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this subsection—
“ (i) There should be taken into account the effect which a tax imposed by this chapter * * * has upon the net value to the surviving spouse of such interest * # * > ?
The words “a tax imposed by this chapter” refer to the tax imposed by the chapter providing for the federal estate tax.
It is arguable that, in the absence of statutory provisions which would be inconsistent with such a result, this court should require an equitable apportionment of the estate tax which would relieve this widow’s share of her husband’s estate from part or all of the *207 burden of the federal estate tax on his estate. The question remains whether the statutes, which provide for the rights which she claims in his estate, would be consistent with such a result.
The rights of the widow are admittedly dependent upon the provision of Section 10504-55, General Code, that she may “elect whether to take under the will or under the statute of descent and distribution” and on the provisions of the statute of descent and distribution. The applicable portion of the latter statute is Section 10503-4, General Code, which provides so far as pertinent:
“When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:
< < * * *
“2. If there be a spouse and one child, or its lineal descendants, surviving, one-half to the surviving spouse and one-half to such child or its lineal descendants, per stirpes.
“3. If there be a spouse and more than one child, or their lineal descendants, surviving, one-third to the surviving spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes.
“4. If there be no children, or their lineal descendants, three-fourth to the surviving spouse and one-fourth to the parents of the intestate equally, or to the surviving parent; if there be no parents, then the whole to the surviving spouse.” (Emphasis added.)
As to personal property, the statutes of this state require an executor or an administrator to pay the .debts or make provision for their payment before distribution of such personal property can be made. See Sections 10509-121, 10509-181 and 10509-182, General *208 Code. As stated in the syllabus in Tax Commission, ex rel. Price, Atty. Genl., v. Lamprecht, Admr., 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, “in determining the value of the succession of any * * * beneficiary the amount of the federal estate tax should first be deducted, like other debts and expenses of administration.” See also Y. M. C. A. v. Davis, 106 Ohio St., 366, 140 N. E., 114, and Davidson v. Miners & Mechanics Savings & Trust Co., Exr., 129 Ohio St., 418, 430, 195 N. E., 845, 98 A. L. R., 1318.
Under the words of Section 10503-4, General Code, applicable in the instant case, the widow will be entitled to none of the personal property of her husband until it is to “be distributed.” At that time, its amount will necessarily be diminished by the payment “like other debts” or provision for such payment of the federal tax on his estate. Thus, the statute gives her only one-half of that diminished amount. If therefore the personal property of the estate is sufficient to pay all charges against the estate, it would obviously be inconsistent with that statute to give her more than one-half of that diminished amount of personal property.
As in Miller v. Hammond, supra, it does not appear from the record in the instant case that the personal property available was insufficient to pay all charges against the estate. However, it may be observed that even though, under the words of Section 10503-4, General Code, “any real estate” of decedent did “descend and pass in parcenary” one-half to his widow, such real estate would be fully available to the executor to pay charges against the estate, if the personal property were insufficient. See for example Sections 10510-2 and 10504-77, General Code, and paragraph two of the syllabus of Barlow v. Winters Natl. Bank & Trust Co., 145 Ohio St., 270, 61 N. E. (2d), 603, 160 A. L. R., 423, Cf. Section 10504-74, General Code.
*209 The widow further contends that “the concept of equitable apportionment * * * established” in Miller v. Hammond, supra, was “restated and applied” in McDougall, Admr., v. Central National Bank of Cleveland, Trustee, 157 Ohio St., 45, 104 N. E. (2d), 441. That case dealt with apportionment of the estate tax between assets which were a part of the decedent’s estate under the law of this state (referred to therein as “probate assets”) and assets which were not but which were taxed by the federal government as though they were (referred to therein as “nonprobate assets”). There was no statute which was inconsistent with an equitable apportionment of the federal estate tax burden between the probate and the nonprobate assets. See paragraph one of the syllabus and the opinion at pages 51, 52 and 55. Although the opinion does state that Miller v. Hammond, supra, would require the result there reached (pages 50 and 51), the reasons thereafter given in the opinion and the principles of law stated in the syllabus are sufficient to sustain that decision without reference to Miller v. Hammond, supra.
Because we are of the opinion that they are inconsistent with the provisions of the statutes hereinbefore referred to, paragraphs two, three and four of the syllabus and the decision in Miller v. Hammond, supra, must be overruled. Because we are of the opinion that those statutory provisions require such a result, the judgment of the Court of Appeals is reversed and that of the Probate Court is affirmed.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman and Lamneck, JJ., concur. '