In re Estate of Gamble, Deceased.

[Cite as In re Estate of Gamble, 8 Ohio Misc. 314.]

(No. 229019.   Decided May 16, 1966.)

Probate Court of Hamilton County.

*Messrs. Nippert & Nippert,* for the estate of Olivia P. Gamble, deceased.
*Mr. Charles Rodner* and *Mr. Boyd Roebuck,* for Louis Nippert.
*Messrs. Frost & Jacobs* and *Mr. Robert O. Klausmeyer,* for Bethesda Hospital and Deaconess Association.

Davies, J.   In his application for instructions, Louis Nippert, as executor of the estate of Olivia P. Gamble, deceased, has asked the court whether or not her estate should bear as expenses of administration the federal income taxes paid by him, as executor, on income derived from personal property during the administration of her estate.

The total value of the estate, as included in the federal estate tax proceedings, amounted to $37,990,652.73, consisting of the decedent's home in Cincinnati and other non-income pro-

ducing land in Cincinnati and Florida valued at $312,035.00, cash in the amount of $127,987.56, furniture, jewelry, and personal effects valued at $24,097.99, and stocks and bonds valued at $37,526,532.18. All of the income, hereinafter set forth, which has been earned during the administration of the estate consists of dividends from stocks, interest from bonds and deposits, and capital gains on securities.

After devising her real estate, bequeathing tangible property and making a number of monetary bequests, the testatrix directed that all the rest, residue and remainder of her estate be devised and bequeathed in equal one-third shares to her nephew, Louis Nippert, The Elizabeth Gamble Deaconess Home Association, Mount Auburn, Cincinnati, Ohio, a corporation not for profit organized under the laws of the state of Ohio, and the Bethesda Hospital and Deaconess Association, Reading Road and Oak Street, Cincinnati, Ohio, a corporation not for profit organized under the laws of the state of Ohio.

Item XXV of the will contains the following provision: ''I desire and direct that all estate and inheritance taxes assessed and charged on any interests passed under this will or on any interests passing through me otherwise, shall be paid by my executor from the residue of my estate and that the specific bequests and devises made herein be paid and delivered to the respective beneficiaries free of such taxes.'' Item XXVI of the will does empower the executor, Louis Nippert, ''to compound, compromise, settle and adjust, according to his discretion, any and all claims against or in favor of my estate, * * *.''

During the administration of the estate, income tax returns have been filed by the executor with the Internal Revenue Director at Cincinnati, Ohio, for the fiscal years ending on March 31 of the years 1962 to 1965, inclusive. These returns showed that the total gross income for said four-year period was $3,652,643.29, upon which the executor paid income taxes totalling $511,319.37. Part of the corpus of the estate has been distributed to the beneficiaries and another income tax return will be filed by the executor for the fiscal year ending March 31, 1966, which it is estimated will show an income tax liability of approximately $40,000.00.

There has been no undue delay in the administration of the estate and the executor is prepared to make final distribution

of the estate to the residuary beneficiaries as soon as he receives the instructions sought in this proceeding.

In each of the aforesaid four income tax returns, and in the return to be filed for the fiscal year ending March 31, 1966, charitable deductions for income allocable to the two charitable institutions were taken by the executor in computing the taxable income of the estate. The formula used, under the law hereinafter set forth, to compute the deductions resulted in the elimination of approximately two-thirds of the income of the estate from the tax base in each of the years for which returns have been, and will be, filed. The tax, in effect, was—and will be—computed only on the one-third of income accruing to the estate which was subject to income tax liability.

Under these circumstances the executor has asked the court "whether the taxes paid as aforesaid are chargeable as any other claim or debt against the estate and are properly deductible in the computation of the residuary estate and that, in effect, said taxes be borne equally by all three residuary legatees; or that said charitable residuary legatees bear no part of the income taxes incurred and paid by the estate during administration and that said taxes be borne solely by the said Louis Nippert."

It must be remembered at the outset that the sole function of the court is to ascertain and give effect to the intention of the testator. Such intention must be ascertained from the words used in the will by giving to such words their usual and ordinary meaning. *Findley* v. *Conneaut*, 145 Ohio St. 480, 62 N. E. 2d 318.

Under the provisions of the Internal Revenue Code and Regulations established by the Commissioner of Internal Revenue, every fiduciary (with certain exceptions which do not apply to the present case), including an executor, must make an income tax return for every estate for which he acts, if the gross income of such estate for the taxable year is $600.00 or over. In the case of an estate or trust, there shall be allowed as a deduction in computing its taxable income any amount of the gross income, without limitation, which, during the taxable year, is paid or permanently set aside or is to be used exclusively for charitable or other specified purposes. The fiduciary is required to attach to the return a statement expressing his

opinion (indicating the relevant provisions of the governing instrument upon which he relies) as to the extent to which the income of the estate or trust is taxable to the estate or trust, to the beneficiaries, or to the grantor or a person other than the grantor.

Section 641 (a) of the Internal Revenue Code provides as follows: "(a) Application of Tax.—The taxes imposed by this chapter on individuals shall apply to the taxable income of estates or of any kind of property held in trust, including—(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and (4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated."

It was argued on behalf of the charitable beneficiaries that the total amount of the income taxes should be borne by Louis Nippert because for purposes of estate administration income and principal are treated separately, and in order to obtain an income tax deduction, the income must be paid or permanently set aside for the use of the charitable beneficiary.

On behalf of Louis Nippert it was argued that the federal income taxes of the estate on income earned during the period of administration are imposed by law upon the estate, are payable by the estate, and are a proper deduction in the determination of the residuary estate. This contention was based on two propositions: *One*: That under the laws of the United States, (a) the executor is bound to prepare and file income tax returns for the estate; (b) said income taxes are chargeable against the estate as a distinct entity; (c) said taxes are payable by the executor of the estate out of assets of said estate; and that, accordingly, said taxes are properly deductible by the executor in computing the residuary estate, and, *Two*: Income received by an executor during the period of administration accrues to the residuary estate and is distributable to residuary legatees as part of said residuary estate and, hence, the tax liability thereon is a proper deduction in the computation of the residuary estate.

Since all of the income in the instant case was derived from personal property, we will first consider what, if any, difference there is, unless otherwise provided in a will, between the vesting of title to, and the rights to rents and profits from, real estate

and personal property during the administration of a decedent's estate.

The lands of one dying intestate go directly to the heirs, and not to the administrator. *Carr* v. *Hull,* 65 Ohio St. 394, 62 N. E. 439; *Conger* v. *Barker,* 11 Ohio St. 1. Upon the death of a testate decedent, title to his real estate passes to his devisees and not to his executor. *A. C. Securities Co.* v. *Ritzman,* 79 Ohio App. 80. On the death of the owner, real estate must pass either by the law of descent to his heirs or under his will. *Knisely* v. *Young,* 15 C. C. (N. S.) 49, 23 O. C. Dec. 439. Real estate of a decedent descends directly to his heirs, and the administrator or executor, in the absence of testamentary provision, has no right whatever with respect to the real estate until he has ascertained that the personal property is insufficient to pay debts. *Goldhardt* v. *Curry,* 44 Ohio Law Abs. 221, 63 N. E. 2d 213. The title to real estate which the heir takes by descent entitles him to the possession of his ancestor, and this draws to it the right to receive, as against the administrator, the rents and profits of the land during the continuance of his possession, which may be from the death of the ancestor until the actual sale of the land by the administrator for the payment of the debts of his intestate. *Overturf* v. *Dugan,* 29 Ohio St. 230. Rents accruing after the death of a decedent belong to the heirs or devisees, unless specially excepted or disposd of by the terms of the will. *Millikin* v. *Welliver,* 37 Ohio St. 460.

Because, upon the death of the owner of real estate, unless his will otherwise provides or until the sale of the realty for the payment of the debts of the decedent, title to such realty vests immediately in his devisees or heirs who are entitled to the rents and profits from the realty and said devisees or heirs, and not the executor or administrator, are liable for the payment of income taxes, the principle of apportionment of federal income taxes between charitable and noncharitable devisees or heirs is not involved.

With reference to the question of whether or not residuary legatees are entitled to all of the net income accrued during administration, and to have it distributed to them as income, and not commingled as part of the principal, the following statement is found in *Mertens, Law of Federal Income Taxation,* Volume 6, Section 36.109: "An amount of income is paid or

permanently set aside if the income is appropriated and dedicated finally and for all time by the will or other instrument to the charitable and religious uses specified in the statute, so that there may be no changes which might destroy the character of such action. It is not necessary for an entry to be made upon the books crediting amounts to a benevolent residuary legatee. No additional act of physical segregation is required. —The manner in which the trustee handles the income of the trust on his books may accordingly be disregarded.''

There are no federal or Ohio statutes specifically dealing with the apportionment of federal income taxes during administration of estates in which gifts are made by will to noncharitable individuals whose incomes are taxable and to charities which are exempt from payment of income taxes, and no Ohio cases have been found which relate directly to the apportionment of income tax payments made by an executor among beneficiaries during the administration of an estate. Courts, however, have dealt with tax apportionment problems between charitable and noncharitable devisees in cases involving federal estate taxes.

We have found two cases outside of Ohio which deal with the apportionment of federal income taxes on estates in which there are charitable and noncharitable devisees. In one of these cases, *Rhode Island Hospital Trust Co. v. Sanders*, 84 R. I. 347, 125 A. 2d 100, in a case which involved the construction of a will in order to determine the distribution of the burden of federal income taxes as between charitable and noncharitable beneficiaries, the court held, where the testatrix divided her residuary estate among twenty beneficiaries, some charitable and others noncharitable, and where there was no specific direction as to payment of income taxes during the administration of the estate, that ''it was the intent of the testatrix that the entire burden of federal income taxes should be borne by noncharitable beneficiaries, having in mind the nature of the provisions and the language used in the will as considered in the light of established federal law.''

In another case, *In re: Ginsberg's Estate*, 4 Ill. App. 2d 138, 123 N. E. 2d 739, in which the testator provided that all estate, inheritance or succession taxes or death duties be paid by the respective legatees, devisees or beneficiaries, and that

said taxes "shall not be paid out of the residue of my estate," the court held that "provision of Internal Revenue Code that estate income which is to be distributed to beneficiaries is deductible from estate net income, but includible in beneficiary's income, refers only to computation of net income of estate and deductible credits allowable from net income of estate, and does not operate to eliminate estate income taxes from administration expenses. Where an estate's personal representative is required to perform a statutory duty, expense of performing such duty is one of administration and a charge against the estate corpus. Estate of decedent was separate taxable entity and tax upon estate income imposed personal duty upon administrator, chargeable to administration expense, and, consequently, such taxes were charge on corpus of estate to be deducted from corpus of estate prior to distribution to either tax-exempt or nontax-exempt beneficiary. Whether reporting of all estate income by executor and paying federal income tax on it, rather than deducting share of sole nontax-exempt legatee in determining estate income, effected personal income tax advantage for such legatee and disadvantage to the tax-exempt legatee was immaterial to determination that federal income tax upon estate income was expense of administration, to be deducted from corpus prior to distribution to the two legatees."

It has been held in testamentary trusts where one is bequeathed the income from certain property for life, he is entitled to such income from the death of the testator, in the absence of anything in the will to the contrary. *Davidson* v. *Savings & Trust Co.*, 129 Ohio St. 418, 195 N. E. 845; *Holmes* v. *Hrobon*, 158 Ohio St. 508, 110 N. E. 2d 574. These cases do not hold that a beneficiary, in the absence of a trust, is entitled to income from an estate during administration.

Section 2109.30, Revised Code, provides that "the accounts of testamentary trustees shall, and the accounts of other fiduciaries may, show receipts and disbursements separately identified as to principal and income." Executors are not required to show receipts and disbursements separately identified as to principal and income.

In *Y. M. C. A.* v. *Davis*, 106 Ohio St. 366, 140 N. E. 114 (264 U. S. 47), the court was asked to decide whether the executor, who had paid the federal estate tax from the general assets of

the estate in his hands, should collect the amount of that tax from the specific devisees and legatees in the respective portions of their several devises and bequests or should deduct it, together with other charges, debts and costs of administration, from the total assets, in finding the "rest, residue and remainder" of the estate bequeathed to the residuary legatees. The Supreme Court, in affirming the decision of the Supreme Court of Ohio, held that "The Estate Tax imposed by the Revenue Act of 1918, c. 18, 40 Stat. 1096, is not a succession tax upon the benefits received by devisees and legatees, but an excise or death duty upon the transfer of the decedent's estate. In providing that bquests to religious and charitable corporations shall be deducted in determining the value of the net estate upon which the tax is imposed, * * *, the act does not undertake to exempt the recipients of such charitable gifts from the burden of the tax if placed upon them by the will. Hence, where the charitable gifts are residuary, and are duly taken into account in ascertaining the net taxable estate and the amount of the tax, the act offers no obstacle to charging the tax, with other costs and expenses, against the gross estate and satisfying specific devises and bequests in full, before the charitable gifts are satisfied."

In the case of *Hall* v. *Ball*, 162 Ohio St. 299, 123 N. E. 2d 259, an executor filed in the Probate Court a petition for a declaratory judgment as to his duties in the administration of an estate, as to the rights of the residuary legatees, both individuals and charities, in the distribution of the assets remaining after payment of federal estate taxes, and, particularly, as to whether any of the residuary legatees should be exonerated from the burden of federal estate tax. The Probate Court held that all residuary legatees, including the charities, should bear the burden of the tax. The Court of Appeals, on appeal on questions of law, reversed the judgment of the Probate Court and remanded the cause with instructions "that the federal estate tax should be deducted from the residuary bequests of the noncharitable legatees, after which the respective balances of the residuary bequests of the noncharitable legatees should be paid to the noncharitable legatees; and that the shares of the charitable legatees should be paid to them free of federal estate tax." The Supreme Court, in a *Per Curiam* opinion, reversed the

judgment of the Court of Appeals "on authority of *Campbell, Exr.* v. *Lloyd,* and for the reasons therein expressed." In *Campbell* v. *Lloyd,* 162 Ohio St. 203, 122 N. E. 2d 695, the court held that where a widow elects to take under the statute of descent and distribution and the applicable portions of that statute provide that "personal property shall be distributed" and any "real estate or inheritance shall descend and pass in parcenary" in part to the surviving spouse, the amount of the federal estate tax on the decedent's estate should be deducted therefrom before computing the widow's share thereof.

We do not find any substantial distinction under federal or Ohio state laws between charging a federal estate tax or a federal income tax along with other costs and expenses of administration, against the gross estate, before distribution of the assets of the estate is made.

Under the revenue acts, a trust is regarded as a taxable party separate and distinct from its beneficiaries. *Grey* v. *Commissioner of Internal Revenue,* 118 F. 2d 153 (C. C. A. 7th, 1941). The estate is a separate entity from the decedent and from the beneficiaries. *Page on Wills,* Volume 2, p. 20, paragraph 18.19.

The personal property of a deceased person does not vest in his heirs, but is (held) in abeyance until administration is granted and is then vested in the administrator. *McBride* v. *Vance,* 73 Ohio St. 258, 76 N. E. 938. In a recent case decided on April 7, 1965, the Supreme Court of Ohio, in the case of *Bank and Trust Co.* v. *Riffe,* 2 Ohio St. 2d 72, 206 N. E. 2d 212, held that "the title to personal property of a deceased person passes to his personal representative, his executor or administrator, pending the settlement of the estate, whether he dies testate or intestate."

Where stock is included in a general bequest, dividends paid on such stock after testator's death, but before legatee has a right to possession, go into the testator's general estate instead of to the legatee. 6 *Page on Wills,* Section 59.18. A bequest of a portion of a number of shares of stock owned by a testator is a general and not a special bequest where no particular shares of such stock are designated in the will, and dividends accruing thereon after testator's death but before delivery of the stock to the legatees go into the residuary estate,

and not to such legatees. *Hood* v. *Garrett et al.*, 53 Ohio App. 464, 7 O. O. 316, 5 N. E. 2d 937. In the absence of directions to the contrary in the will, the beneficiaries have the same interest in the income, rents and profits of the property given to them as they have in the property itself. A general legacy ordinarily does not carry with it any accessions by way of dividends or interest accruing intermediate to the testator's death and the time the legacy is payable. Such income falls into the residuary estate as does all income earned by the estate during the period of administration which is not disposed of by the will, is not used for the payment of debts and expenses and is not accessory to another legacy. 96 C. J. S. 824, Section 1101. A general residuary bequest of personalty carries the intermediate income, and such income will be required to accumulate and form part of the residue for the benefit of the party who may ultimately be entitled to residue. 28 R. C. L. 298, Section 274.

Since title to personal property passes to his personal representative, his executor or administrator, pending the settlement of the estate, whether he dies testate or intestate, and since his estate, unless otherwise provided in his will, is entitled to the income derived from such personal property pending distribution of the estate, we find that when, as in the instant case, in determining federal income tax liability on income derived from personal property, charitable deductions are taken by an executor in computing the taxable income of an estate, the income taxes paid on said income, unless otherwise provided in a decedent's will, are chargeable as a cost of administration, so that all residuary legatees, including the charitable residuary legatees, shall bear the burden of the tax.

*Judgment accordingly.*