## No. 425
## CENTRAL NAT. BK. CO. v. GILCHRIST et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6144. Decided Jan. 25, 1926

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

1197. TRUST & TRUSTEES—1. Where testamentary trustees are appointed, the terms of the will setting forth that remainder of estate be given to said trustees for certain purposes, an order of distribution by Probate precedent to distribution and filing and approval of a final account are unnecessary.

2. Where trust agreement is entered into by insolvent firm and representations are made declaring such creditors as are named in said agreement to be those for which the property involved is transferred and assigned, a creditor not named cannot claim under said agreement and is not entitled to an accounting.

1106. STATUTE OF LIMITATIONS—Where a note is subject of action and is sued for under the trust, although statute of limitations has run as against the note, the action may be maintained if brought under the trust.

PARDEE, P. J.

John Gilchrist et al are the duly appointed testamentary trustees of Joseph Gilchrist, who died in May 1919 leaving a will, under which the residue of his estate after paying debts and prior charges, was to be turned over to said trustees. Said trustees were also nominated executors of the estate.

The Central National Bank Savings & Trust Co. was trustee of the property and assets of Frank Hart, as an individual, and Hart & Co., said trust being created for the purpose of preserving, liquidating and adjusting the indebtedness of Hart and Hart & Co.

In 1907, Joseph Gilchrist loaned Hart & Co. $25,000 and was given the latter's note for same. John Gilchrist as agent for his father, Joseph Gilchrist, presented the note to Hart in 1909 for payment of interest, but the original note was destroyed and a new one executed by Frank Hart for $27,000. Two additional notes were given by Hart in lieu of payment of interest and in 1910 Hart died. Gilchrist's claim was filed with the executors of Hart's estate.

The trustees brought this original suit in the Cuyahoga Common Pleas against the Bank for an accounting and the Bank set up a general denial, that the note of Hart & Co. was extinguished and cancelled by the personal note of Hart, and the status of limitations of 10 and 15 years.

In Cuyahoga Common Pleas judgment was rendered in favor of Gilchrist and error was prosecuted by the Bank.

In the Court of Appeals it is claimed that the trustees do not have capacity to sue, that terms of the alleged loan of $25,000 were not adequately established; that the statute of limitations had run; and that Gilchrist accepted Hart's personal note in payment of and in discharge of the earlier note of Hart & Co. The Court of Appeals held:

1. The Bank's contention that no account was filed showing distribution to have been made by the executors and trustees in accord-

## STATE COURT OF APPEALS—Continued

ance with the terms of Joseph Gilchrist's will nor that an order of distribution in kind was made by the Probate Court, is not well taken.

2. By the terms of the will, the remainder of the testator's estate, both real and personal, after payment of debts and prior charges, was to be given to Gilchrist et al, as trustees for purposes named in the will.

3. From the length of time which elapsed before bringing of the suit by the trustees, the only reasonable inference is that the debts had been fully paid and that the executors distributed the residuary to the trustees voluntarily.

4. Title to real estate devised, vests immediately in the devisees upon probate of the will and relates back to the time of the testator's death.

5. An order of distribution precedent to distribution of the assets of said estate was therefore unnecessary, as was the filing and approval of a final account of the executors; and the trustees did have capacity to bring suit if based upon a legal claim.

6. The statute of limitations had not run for the trust created by Hart & Co. is a continuing and running one and no repudiation of said trust is shown.

7. Had the suit been one on the note, the statute as to 15 years would have run, but the action being based on the trust, the right to maintain the suit under the trust remains.

8. The suit of Gilchrist for accounting is based upon the theory that Hart & Company's trust agreement was for the benefit of Gilchrist, deceased, although he was not mentioned in said agreement, the claim being that it was made for all of the then creditors of Hart & Co. whether specifically mentioned or not.

9. The trust agreement was made by Hart & Co. for the purpose of protecting auditors and is valid and enforcible in law.

10. The real and personal property referred to in said agreement was assigned solely for the benefit of the creditors therein enumerated and for no others upon the representation of Hart and Hart & Co. that those mentioned were the only creditors, Joseph Gilchrist was not one of the beneficiaries under said trust agreement and the trustees under the testator's will are not entitled to participate therein nor are they entitled to an accounting.

Judgment reversed and final judgment in favor of the Bank.

Attorneys—Squire, Sanders & Dempsey for Bank; Chas. S. Wachner and Bernon, Mulligan, Keeley & LeFever for Gilchrist et; all of Cleveland.