Hazel M. BIEWER, Administratrix of the Estate of John A. Biewer, Deceased, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15836.

United States Court of Appeals Sixth Circuit.

Feb. 16, 1965.

Kenneth J. Stommel, Port Huron, Mich., Walsh, O'Sullivan, Sommel & Sharp, Port Huron, Mich., on brief, for petitioner.

Richard J. Heiman, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before WEICK, Chief Judge, CECIL, Circuit Judge, and KENT, District Judge.

CECIL, Circuit Judge.

This cause is before the court on petition of Estate of John A. Biewer, Deceased, to review a decision of the Tax Court. (41 T.C. 191).

John A. Biewer in his lifetime conducted a mercantile business involving the use of inventories and accounts receivable. Mr. Biewer died on June 26, 1956. A joint return was filed on behalf of the deceased and his wife for the taxable period from January 1, 1956, to June 26, 1956. This return was made on a cash basis of accounting as were the preceding returns of the decedent. This return is referred to as the last return of the decedent.

Mr. Biewer's wife, as the administratrix of his estate, carried on the business in the name of the estate. A tax return was filed on behalf of the estate for the taxable period from June 26, 1956, to December 31, 1956. This is known as the first return of the estate as a taxpayer. It should be noted here that the decedent and the estate are two separate taxpayers, a fact seemingly not recognized by the petitioner, which largely accounts for the difficulty in this case. The petitioner here is the estate.

It is this first return of the petitioner that is in question in these proceedings. Specifically, the question is whether an item of $336,331.33 of accounts receivable, collected by the estate, should be included as income in this first taxable period of the estate. These accounts receivable were assets of the estate, represented sales made by the decedent prior to his death, and were collected by the estate in the taxable period in question.

This first return of the estate was filed on the cash basis of accounting but the respondent, the Commissioner of Internal Revenue, changed it to an accrual method of accounting as more clearly reflecting income. The respondent recomputed the estate's income on this basis, and also included as income, the item of accounts receivable above mentioned.

The Tax Court held that the item "of $336,331.33 was properly included in the estate's income, under Section 691 (a)[1] of the I.R.C. of 1954, as income

1. Section 691 "Recipients of income in respect of decedents
"(a) Inclusion in gross income.—
"(1) General rule.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period * * * shall be in-
cluded in the gross income, for the taxable year when received, of:
"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;
* * * * *
"(3) Character of income determined by reference to decedent.—The right,

in respect of a decedent." It further held that "no adjustments need be made to this amount under Section 481[2] of the I.R.C. of 1954, since the estate, in filing its first return, is a separate tax entity and cannot be considered as having a 'preceding taxable year' within the meaning of Section 481, I.R.C. of 1954."

■ That the decedent and the estate are separate tax entities is not now open to question. Herbert's Estate v. Commissioner, 139 F.2d 756, C.A.3, cert. den. 332 U.S. 752, 64 S.Ct. 1263, 88 L. Ed. 1582; Waterman's Estate v. Commissioner, 195 F.2d 244, C.A.2. See also, Mellott v. United States, 156 F.Supp. 253, E.D.Pa. aff'd 257 F.2d 798, C.A.3, cert. den. 358 U.S. 864, 79 S.Ct. 96, 3 L.Ed.2d 98, rehear. den. 358 U.S. 913, 79 S.Ct. 228, 3 L.Ed.2d 234.

The petitioner contends that the respondent "effectively changed the method of accounting in the last return of the decedent, which, in turn, required him to make certain adjustments under the provisions of Section 481(b) (4) (A) of the Internal Revenue Code of 1954." In the alternative the petitioner claims that if the respondent "applies Section 691(a) (3) of the Internal Revenue Code of 1954 to the accounts receivable collections in the hands of the estate, he is required to take into account Section 481(b) (4) (A) adjustments for the reason that the character of the collections in the hands of the decedent's estate has the same attributes as in the hands of the decedent."

■ Despite what may be referred to as vascillations on the part of the revenue agents or changes in computations, as evidenced by reports, recommendations, thirty-day letters and other communications, no change in accounting was made by the respondent in the last return of the decedent and no deficiency

---

described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction in which the right to receive the income was originally derived and the amount includible in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount."

2. Section 481 (as amended 1958) "Adjustments required by changes in method of accounting

"(a) General rule.—In computing the taxpayer's taxable income for any taxable year (referred to in this section as the 'year of the change')—

"(1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

"(2) there shall be taken into account those adjustments which are determined to be necessary solely by rea-

son of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.

\* \* \* \* \*

"(b) Limitation on tax where adjustments are substantial.—

\* \* \* \* \*

"(4) Special rule for pre-1954 adjustments generally.—Except as provided in paragraphs (5) and (6)—

"(A) Amount of adjustments to which paragraph applies.—The net amount of the adjustments required by subsection (a), to the extent that such amount does not exceed the net amount of adjustments which would have been required if the change in method of accounting had been made in the first taxable year beginning after December 31, 1953, and ending after August 16, 1954, shall be taken into account by the taxpayer in computing taxable income in the manner provided in subparagraph (B), but only if such net amount of such adjustment would increase the taxable income of such taxpayer by more than $3,000."

was assessed for the taxable period. We agree with the finding of the Tax Court:

"The facts do not sustain petitioner's contention that respondent initiated a change in decedent's method of accounting. It is a stipulated fact that the last return of the decedent was closed by execution of Form 870–AD on June 20, 1960 'without adjustment being made to the method of accounting employed in that return.' This forecloses all argument that respondent did initiate a change in the method of accounting in the last return of decedent. Since no change in accounting method was, in fact, made in decedent's return, neither the taxpayer nor respondent 'initiated' such a change."

 There is no merit to petitioner's claim that the Commissioner is equitably estopped from disclaiming that he made a change in the last return of the deceased. This claim arises out of facts as follows: After July 11, 1957, revenue agents made examinations of income tax returns of decedent and his wife for the year 1954 and for the year 1956. At the same time an examination was made of the petitioner's first return. A report was made by the revenue agents in which it was recommended that the 1954 return be accepted without change; that a change be made in the accounting method for decedent's 1956 return and a deficiency assessed in the amount of $62,804.24; that a deficiency be assessed in petitioner's first return of $30,612.46. This recomputation of petitioner's first return was premised upon an initiated change by the director in the decedent's last or 1956 return. Petitioner executed Form 870 "Waiver of Restrictions on Assessment and Collection of Deficiency" and paid the $30,612.46 that had been recommended as a deficiency for the first period return.

On August 19, 1959, a protest, which had been invited by a 30-day letter of June 19, 1959, was filed on behalf of the deceased and his wife objecting to the recommended deficiency of $62,804.24 for the 1956 return of the deceased. As a result of this protest, the tax was recomputed and the return accepted as filed with no change in method of accounting. This return was closed on June 20, 1960, as indicated above, by execution of Form 870–AD "without adjustment being made to the method of accounting employed in that return." This was followed by a deficiency recommendation for 1957, further protest, and finally a decision to require that the initial change of accounting method and resulting deficiency assessment be made in petitioner's first taxable period, with credit allowed for the $30,612.46 already paid in. There was no finality to any previous action of the Commissioner upon which the petitioner here could claim detrimental reliance on behalf of the decedent.

 The petitioner does not get to the adjustments provided in Section 481 (b) (4) (A)[3] for the reason that it does not meet the requirements of Section 481(a) (1). Since the petitioner was a separate taxing entity from the decedent and the taxable period in question is the first year to file a return, there is no "preceding taxable year" under which the taxpayer's income was computed on a different basis. Banker's Trust Co. v. Bowers, 295 F. 89, 31 A. L.R. 922, C.A.2; Hartley v. Commissioner, 72 F.2d 352, C.A.8.

 The Commissioner claimed that the item in question was includible in the income of the petitioner for the taxable period from June 26, 1956, to December 31, 1956, under Section 691 (a) of the I.R.C. of 1954. It seems quite clear that this section is applicable under the facts of this case. The item in question was not includible in the income of decedent in a taxable period at the time of his death or prior thereto. He was on a cash basis of accounting and the item of income was never received by him. The estate acquired

3. See footnote 2.

the right to receive it by reason of the death of the decedent.

■ Section 691(a) (3)[4] is not applicable. It was well said by the Tax Court in its opinion:

"Petitioner seems to argue that by the application of section 691(a) (3) the character of the collections in issue would, in the hands of the estate, be the same as if collected by decedent, and, if collected by decedent, the exclusion of section 481(b) (4) (A) for pre-1954 experience could have been made if respondent initiated a change in his method of accounting. From this petitioner argues it is entitled to the same exclusions of decedent's pre-1954 experience as decedent could have asserted had he been alive when respondent initiated the change in the method of accounting. But the fact is decedent, prior to his death, did not have any *right* to exclude any income pursuant to section 481. True, if his method of accounting had been changed at any time by respondent, he could have excluded pre-1954 experience, but respondent never changed his method. The character of the collections in the hands of the estate is moulded by decedent's *rights* at the time of his death. At that time he had no right to demand that respondent initiate a change in his method of accounting which would give him the pre-1954 exclusions. His only *right* was to make the collections and report them all as income."

■ The petitioner argues that the Tax Court erred in failing to find that the Commissioner abused his discretion in determining, in effect, that the method of accounting used by the decedent clearly reflected income. The accounting method used by the decedent in his last return was not before the Tax Court and it made no finding with respect to the propriety of the method of accounting used in that return. The question is not before us. However, finding as we do that the Commissioner was correct in his theory of the petitioner's tax liability, we conclude that there was no abuse of discretion on his part.

The decision of the Tax Court is affirmed.