OPINION
{¶ 1} Plaintiff-appellant, Jessica Long, a minor, by and through her mother and next friend, Debra Charley, appeals the judgment of the Trumbull County Probate Court, *Page 2 
determining the assets of the Estate of John Long, and declaring the Estate of John Vincent Long, his son, to be the real party in interest to the action. We affirm the judgment of the lower court.
 {¶ 2} The essential facts of the case are not in dispute.
 {¶ 3} Decedent, John Long, a resident, of the City of Niles, Trumbull County, Ohio, died on February 3, 1991. At the time of John's death, the sole asset to his estate was a parcel of real estate located at 204 West Third Street in Niles.
 {¶ 4} At the time of John's death, he was survived by four sons: Edward, John Vincent, Richard, and Ronald Long. Jessica, who was born on October 2, 1992, is the daughter of John Vincent Long, who died on August 15, 2003.
 {¶ 5} John Long died testate, pursuant to his Last Will and Testament, executed on January 26, 1989, in Niles, Ohio. However, for reasons unclear from the record before us, his will was not filed with the Trumbull County Probate Court until November 15, 2005, over 15 years after his death, and two years after the death of his son, John Vincent.
 {¶ 6} The terms of the will provided, as follows:
 {¶ 7} "Item I
 {¶ 8} I hereby direct that all of my just debts, my funeral expenses, including the cost of administration of my estate, to be paid for by my estate.
 {¶ 9} "Item II
 {¶ 10} "I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, which I may own at the time of my death, in fee simple and forever to my beloved Sons, EDWARD CHARLES LONG, RONALD GEORGE *Page 3 
LONG, JOHN VINCENT LONG, AND RICHARD THOMAS LONG, share and share alike.
 {¶ 11} "Item III
 {¶ l2} "I make, nominate and appoint EDWARD CHARLES LONG as Executor of this, my Last Will And Testament, and I direct that no bond shall be required of him in qualifying as such Executor hereunder * * *.
 {¶ 13} "In addition to the powers conferred on Executors by law, he or she shall have full power and discretion and without any court order or proceeding to sell, pursuant to option or otherwise, at a public or private sale and upon such terms as he or she shall deem best, any real or personal property belonging to my estate, without regard to the necessity of such sale, for the purpose of paying debts, taxes or legacies, or to retain any or all of such property not so required without liability for any depreciation thereof, to adjust, compromise and settle all matters of business and claims in favor or against my estate and to do any and all things necessary or proper to complete the administration of my estate, all as fully as I could do if living."
 {¶ 14} Along with the will, Edward filed an Application to Probate Will, pursuant to R.C. 2107.11, R.C. 2107.18, and R.C. 2107.19 and an Application for Authority to Administer the Estate. In addition, he filed a Schedule listing Edward, Ronald, Richard, and Jessica as surviving legatees and/or devisees under the will. This schedule also listed Edward, Ronald, Richard, and John Vincent as vested beneficiaries.
 {¶ 15} On November 22, 2005, a judgment entry was filed by the court, admitting the will to probate. On the same day, a second judgment entry appointing Edward Long as executor was filed. *Page 4 
 {¶ l6} On July 21, 2006, after receiving leave of court, Edward filed an Inventory and Appraisal of the estate and waived notice of hearing on the same. The inventory listed real property in the amount of $24,621.67. Attached to the inventory was a Schedule of Assets, which reflected the proceeds from the sale of the property at 204 West Third Street. According to the aforementioned schedule, that property was sold at Sheriffs sale in Case No. 2004-CV-01060 in the Trumbull County Court of Common Pleas, on August 16, 2005.
 {¶ l7} A Notice of Hearing on Inventory, pursuant to R.C. 2115.16, was filed on July 25, 2006. On the same date, Jessica, through her mother, filed a Waiver of Notice of Hearing on the Inventory. Richard waived his notice of hearing on August 4, 2006.
 {¶ 18} On August 7, 2006, Jessica, through her mother, filed a Waiver of Notice of Probate of [the] Will, pursuant to R.C. 2107.19(A)(2). Ronald filed the same wavier on August 7, 2006.
 {¶ 19} On August 8, 2006, the trial court issued a judgment entry, ordering the approval of the Inventory and Appraisal.
 {¶ 20} On August 31, 2006, Jessica, through her mother, filed a complaint in the Probate Court against Edward Long, individually, and as executor of the estate of John Long, Richard Long, and Ronald Long. The complaint alleged that Jessica, as John Vincent Long's daughter, became the owner of a one-fourth undivided interest in the property located at 204 West Third Street upon the death of her father in August, 2003; that, without her knowledge, the real estate taxes on the property were allowed to become delinquent by the three brothers of John Vincent Long; that, as a result of the *Page 5 
tax delinquency, the property was foreclosed; and that Edward Long applied for and received all of the net proceeds from the Sheriffs sale.
 {¶ 21} The complaint further alleged that the delinquent actions of John Vincent's three brothers led to a significant diminution of the value of the premises; that Edward, Ronald, and Richard knew of the existence of John Long's Last Will and Testament, and deliberately withheld or failed to admit it into probate within three years, in violation of R.C. 2107.10.
 {¶ 22} Jessica's prayer for relief included a request that Edward Long, as executor, be ordered to disburse the sum of $6,155.41, representing the one-fourth interest in the property; that judgment be entered for damages against Edward, Ronald, and Richard Long "for commission of waste," and that such judgment "be paid out of their share of the estate * * *"; that Edward, Ronald, and Richard be "denied any right of inheritance as provided in Ohio Revised Code, section 2107.10"; that Edward be removed as executor of the estate of John Long, and a suitable person be appointed to replace him; and that Jessica be reimbursed for the costs of the action.
 {¶ 23} On September 15, 2006, Edward Long filed an answer to the complaint. The matter was scheduled for a pretrial conference on February 28, 2007.
 {¶ 24} On March 1, 2007, the trial court issued a judgment entry, setting the matter for hearing on March 16, 2007, "on the limited issues of whether or not the Probate Court has jurisdiction and whether or not the Plaintiff [Jessica Long] is the real party in interest." Both parties filed pre-hearing briefs on March 13, 2007.
 {¶ 25} Following a hearing on the aforementioned issues, the probate court issued its judgment entry, which held that the probate court had jurisdiction over the *Page 6 
matter; that the assets of the Estate of John Long consisted of the proceeds from the Sheriffs sale; and that, pursuant to Civ.R. 17(A), the Estate of John Vincent Long, rather than Jessica, or her mother on her behalf, was the real party in interest.
 {¶ 26} On April 9, 2007, Jessica, through her mother, appealed, raising the following assignments of error:
 {¶ 27} "[1.] The Trial Court erred, as a matter of Law when it found that money held by Edward Charles Long, as executor of the Estate of John Long, is a probate asset of said estate.
 {¶ 28} "[2.] The trial court erred as a matter of Law when it found that Debra Charley, as mother and next friend of Jessica Long, a minor, is not a real party in interest."
 {¶ 29} In her first assignment of error, appellant argues that the proceeds of the Sheriffs sale cannot be a probate asset since, according to R.C. 2115.02, the inventory "shall set forth values [of the estate] as of the date of death of the decedent." In other words, appellant asserts, that the terms of the statute require that the probate asset must be the value of the estate itself, including the real property, and not the proceeds received from the foreclosure on the real property. We disagree.
 {¶ 30} We note, at the outset, that appellant has failed to provide this court with a transcript of the probate court's proceedings. Thus "this court must presume the regularity of the trial court proceedings as well as the validity of its judgment." DiNunzio v. DiNunzio, 11th Dist. No. 2006-L-106, 2007-Ohio-2578, at ¶ 18 (citation omitted).
 {¶ 31} In the instant matter, appellant did not contest the validity of the will under R.C. 2107.71 within a three month period, as required by R.C. 2107.76(A). Thus, the *Page 7 
issue of the validity of the will is res judicata. Nor did appellant object to the inventory filed pursuant to the will.
 {¶ 32} In Ohio, "when a person makes a valid will, * * * it is the source of title of the property given to devisees and legatees therein named." Central Natl. Bank, Savings Trust Co. v. Gilchrist (1926), 23 Ohio App. 87, 90-91. In the case of real estate, "[t]he title of the real estate devised vests immediately in the devisees upon the probate of the will, and relates back to the time of the death of the testator." Id. at 91.
 {¶ 33} By contrast, "[t]he title of * * * personal property passes by the will to the executor, as trustee, for the benefit of the creditors, legatees, and distributees, and, after the payment of the debts of the estate, the executor, as trustee, may * * * deliver the remaining personal property to those entitled by the will to receive it, thus vesting the legal as well as the beneficial ownership in the distributees." Id.
 {¶ 34} The terms of the will directed that all of John Long's "just debts, funeral expenses [and] cost of administration of [the] estate," were to be "paid for by [the] estate, and that "the rest, residue and remainder of [his] property, both real and personal, which [may be] owned at the time of [his] death, was to be "divided, share and share alike," among his four sons.
 {¶ 35} While it is not disputed that John Long owned the premises at 204 West Third Street at the time of his death, a review of the will reveals no specific bequest of the real estate which is the subject of the instant dispute. Rather, it only provides for a residuary interest, in any real and/or personal property after all of the debts of the estate were satisfied. *Page 8 
 {¶ 36} As a result, there existed a clear intention on the part of John Long that any debts applicable were to be paid out of both personal and real property, if necessary. See Dean v. Nicholas (1891), 11 Ohio Dec. Reprint 215, 1891 Ohio Misc. LEXIS 130, at *11-*12 ("[W]hen * * * a direction to pay debts * * * is succeeded by a gift of the residue of the real and personal estate; that is construed to evince an intention on the part of the testator, that the legacies and debts shall be paid out of the real estate, as well as the personal estate * * *") (citations omitted).
 {¶ 37} It is not disputed that at some point in time between the John Long's death and the filing of his will, a foreclosure proceeding was conducted in order to satisfy a tax lien upon the subject property. Nor is it disputed that the proceeds of the sale after the satisfaction of the aforementioned tax lien was $24,621.67, which resulted in a check in that amount being issued to the Estate of John Long.
 {¶ 38} Appellant is correct that taxes on real estate are not an estate debt, "[a] proceeding to foreclose a tax lien * * * is essentially one in rem and not in personam; it operates on the land itself and not on the title of the one in whose name the property is listed for taxation." Hunter v. Grier (1962), 173 Ohio St. 158, 161 (citations omitted). This is because "a proceeding to foreclose a tax lien on property materializes only when the nonpayment of taxes has extended over a period of years." Id. at 162. Since such proceedings "are not * * * proceedings against parties," but rather "have regard to the land itself[,] * * * [any time] the owners are named in the proceedings and personal notice is provided * * * [it is done] rather from tenderness to their interests * * * than from any necessity * * *." Id. at 161-162 (citation omitted). *Page 9 
 {¶ 39} It is purely a matter of speculation, based upon the scant record before us, whether or not the subject property was unencumbered by a tax lien at the time of John Long's death. However, even if we were to assume, arguendo, that the property was an unencumbered asset at the time of John Long's death, the property itself remained subject to any real estate tax liens that might subsequently accrue prior to any transfer of ownership.
 {¶ 40} Furthermore, due to the existence of a valid will, title to the subject property did not vest in John Long's named beneficiaries until his will was filed for probate. See Woodbridge v. Banning (1863),14 Ohio St. 328, 331 ("[T]he estate [does] not pass to [a] devisee under the will until probate. Until then, whatever other title he may or maynot have * * *, he ha[s] none as devisee under the will.") (emphasis added). Based on the foregoing, the trial court did not err in its determination that the assets of the estate consisted solely of the proceeds remaining following the Sheriff's sale of the property, despite the alleged lack of notice of the foreclosure on the part of appellant.
 {¶ 41} Appellant's first assignment of error is without merit.
 {¶ 42} In her second assignment of error, appellant argues that the probate court erred in its determination that the Estate of John Vincent Long, rather than appellant, on behalf of Jessica, was the real party in interest. Again, we disagree.
 {¶ 43} Civ.R. 17 provides that "[e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, * * * or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought." Civ.R. 17(A). *Page 10 
 {¶ 44} Pursuant to Civ.R. 73, the "Rules of Civil Procedure shall apply to proceedings in the probate division of the court of common pleas * * * except to the extent that by their nature they would be clearly inapplicable." Civ.R. 73(A). Civ.R. 17 is applicable to probate proceedings. See In re Carter (Feb. 8, 1991), 10th Dist. No. 90AP-755, 1991 Ohio App. LEXIS 586, at *8.
 {¶ 45} As appellant correctly notes, under Civ.R.17(A), a real party in interest "is one who is directly benefited or injured by the outcome of the case rather than one merely having an interest in the action itself." State ex rel. Botkins v. Laws, 69 Ohio St.3d 383, 387,1994-Ohio-518 (emphasis added) (citation omitted).
 {¶ 46} Although Jessica may, indeed, have an interest in the action itself, she is not the real party in interest. As the trial court correctly noted, "since no estate [for John Vincent Long] has been filed, * * * it is unknown whether or not [he] died testate or intestate, whether or not there are other next of kin, in addition to Jessica Long, [or] whether or not there are any claims that survive the statute of limitation for presentation of claims against his estate." In the absence of a transcript of the proceedings, this finding is entitled to a presumption of regularity.
 {¶ 47} The Estate of John Vincent Long is the real party in interest. It is a well-settled principle of law that "[e]xecutors and administrators occupy the position of personal representatives of the decedents." Judd v. City Trust Savings Bank (1937), 133 Ohio St. 81,90, see also, Reinhard v. Peck (1953), 159 Ohio St. 116, 121 ("[T]he primary duty of the executor [or administrator] is to marshal the assets of the decedent, reduce them to cash and make distribution thereof."). *Page 11 
 {¶ 48} Assuming John Vincent Long died testate, it is beyond cavil that he would not be obligated to devise any of his property to Jessica under his will. Thus, the representative of his estate, now that he is deceased, would be the proper party to enforce his rights under his father's will.
 {¶ 49} If John Vincent Long instead died intestate, his right to receive payment would also go directly to the personal representative of his estate, rather than his heirs, since "[u]pon the death of a legatee, intestate, before payment of the legacy, the right to receive payment belongs to his personal representative, unless a different disposition is made by the [legatee's] will, and the liability of the executor therefor to the personal representative is not discharged by payment tothe heir." Banning v. Gotshall (1900), 62 Ohio St. 210, at paragraph two of the syllabus (emphasis added).
 {¶ 50} Appellant's second assignment of error is without merit.
 {¶ 51} For the foregoing reasons, we affirm the judgment of the Trumbull County Court of Common Pleas, Probate Division.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1