T.C. Memo. 2010-89


UNITED STATES TAX COURT


SUSAN K. KAUFMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25619-07L.                    Filed April 27, 2010.


        R filed a notice of Federal tax lien and issued final
notices of intent to levy to collect unpaid joint tax
liabilities of P and P's husband.  Prior to the collection
due process hearing, P's husband died and his estate paid
the liabilities.  At the CDP hearing P sought innocent
spouse relief under sec. 6015, I.R.C., and requested a
refund.  R denied P innocent spouse relief and issued her a
notice of determination sustaining the collection actions.
P filed a petition with the Court, which P claims to be a
petition for review of R's denial of innocent spouse relief.

        <u>Held</u>:  P's petition is an innocent spouse petition.

        <u>Held</u>, <u>further</u>, P is not entitled to relief under sec.
6015(b) or (c), I.R.C., because there was no understatement
of tax.

        <u>Held</u>, <u>further</u>, P cannot be treated as the payor of the
joint tax liabilities.

 *Held*, *further*, P is not entitled to relief under sec. 6015(f), I.R.C., because she did not pay the liabilities.


Hakim Ben Adjoua, for petitioner.

Terry Serena and Emily J. Giometti, for respondent.


MEMORANDUM OPINION

NIMS, Judge:  This matter is before the Court on respondent's motion to dismiss on grounds of mootness pursuant to Rule 53.  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Ohio at the time she filed her petition.

On September 28, 2005, respondent separately notified petitioner and Mr. Kaufman (the Kaufmans) that he had filed a notice of Federal tax lien (NFTL) for their unpaid joint tax liabilities from 2001 through 2004.  On November 1, 2005, respondent issued to petitioner a notice of intent to levy for the Kaufmans' 2001 through 2003 joint tax years.  Respondent also issued to Mr. Kaufman a notice of intent to levy for those same joint tax years and for his 2000 individual tax year.

On November 2, 2005, the Kaufmans requested a face-to-face collection due process (CDP) hearing in response to the NFTL and notices of intent to levy (levy notices).  In their CDP hearing request the Kaufmans sought a release of the tax liens and abatement of penalties and interest.  The Kaufmans also proposed collection alternatives and alleged that the amounts of tax assessed were incorrect and that respondent had failed to comply with the applicable legal and procedural requirements.  Petitioner did not request innocent spouse relief under section 6015 in the CDP hearing request.

Mr. Kaufman died in April 2006 before the hearing was conducted.  On May 31, 2007, Mr. Kaufman's estate paid the United States $1,101,200.74 in satisfaction of all of his Federal income tax liabilities.  As a result, respondent issued a certificate of release of the Federal tax lien covering the Kaufmans' 2001 through 2004 joint tax years.

Petitioner's CDP hearing was held on July 25, 2007.  At the hearing petitioner did not discuss the issues presented in the CDP hearing request but instead raised the issue of section 6015 innocent spouse relief.

On October 10, 2007, respondent issued to petitioner a notice of determination (Notice).  The Notice was entitled "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" but in addition to the subject matter

suggested by the title, also discussed petitioner's request for innocent spouse relief.  In the Notice respondent denied petitioner relief under section 6015(b), (c), or (f) and determined that the NFTL filing and levy notices were appropriate.  On November 7, 2007, petitioner timely filed a petition with this Court in response to the Notice.

## Discussion

Respondent contends that the petition is for review of respondent's determination to proceed with collection. Respondent argues that petitioner's case is therefore moot because Mr. Kaufman's estate fully paid the tax liabilities covered by the NFTL and levy notices.  See Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006).

Petitioner contends that her petition is for review of respondent's denial of innocent spouse relief under section 6015 and thus seeks a refund of the joint tax liabilities paid by the estate.

Although the Notice is entitled as a determination concerning respondent's collection actions, the issue of innocent spouse relief was properly raised at the CDP hearing and the Notice addressed petitioner's request for innocent spouse relief. Therefore, the Notice was respondent's final determination regarding petitioner's entitlement to innocent spouse relief. See Wright v. Commissioner, 571 F.3d 215, 220 (2d Cir. 2009),

vacating and remanding T.C. Memo. 2006-273.  Since the petition was marked as a "Petition for Determination of Relief from Joint and Several Liability on a Joint Return", we will accordingly treat it as a request for review of respondent's denial of innocent spouse relief.

As an innocent spouse petition, petitioner's case is not moot.  However, even when all factual inferences are read in favor of petitioner, no issues of material fact remain and a decision may thus be rendered as a matter of law.  See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  We will therefore treat respondent's motion to dismiss as a motion for summary judgment under Rule 121.  Petitioner will suffer no prejudice since petitioner's counsel responded to respondent's motion to dismiss as if it were a motion for summary judgment.[1]

Spouses filing a joint return are jointly and severally liable for the entire tax liability.  Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs.  Three types of relief from joint

---

[1]Petitioner's counsel also erroneously argued that petitioner's refund claim is authorized by the Internal Revenue Service's Publication 971, Innocent Spouse Relief, and that our decision in Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006), was reversed and remanded in part in Greene-Thapedi v. United States, 100 AFTR 2d 2007-6513 (N.D. Ill. 2007), vacated 549 F.3d 530 (7th Cir. 2008).

and several liability are available under section 6015. Section 6015(b) requires the Commissioner to grant relief from joint liability if the taxpayer did not know and had no reason to know that there was an understatement when she signed the joint return. Section 6015(c) allows for proportionate relief to the taxpayer for the portion of a deficiency that would have been allocable to the taxpayer's spouse if the spouses had filed separate returns. Section 6015(f) provides equitable relief in certain circumstances when relief is not available under section 6015(b) or (c).

We have jurisdiction to review the Commissioner's denial of relief under section 6015(b), (c), or (f). See sec. 6015(e). For tax liabilities remaining unpaid on December 20, 2006, we have jurisdiction to review the denial of equitable relief under section 6015(f) even when no deficiency has been asserted. See Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), 120 Stat. 3061.

Petitioner, however, is not entitled to a refund under any provision of section 6015. Petitioner cannot obtain a refund under section 6015(c) because that is strictly prohibited by section 6015(g)(3). Petitioner is not entitled to a refund under section 6015(b) because she cannot obtain innocent spouse relief under that provision since respondent asserted no deficiency. Assuming for the sake of argument that petitioner is entitled to

section 6015(f) relief, petitioner is nevertheless not entitled to a refund because she did not provide the funds used to pay the joint tax liabilities; Mr. Kaufman's estate did. Cf. Ordlock v. Commissioner, 126 T.C. 47 (2006), affd. 533 F.3d 1136 (9th Cir. 2008) (holding that a taxpayer entitled to innocent spouse relief was not entitled to a refund of joint tax liabilities paid using community property assets of the marital estate); Rosenthal v. Commissioner, T.C. Memo. 2004-89 ("It also must be shown that the payments were not made with the joint return and were not joint payments or payments that the nonrequesting spouse made.").

Petitioner argues that she should be treated as having paid the tax herself because she was the administrator and sole beneficiary of Mr. Kaufman's estate.

To the extent petitioner is arguing that she is entitled to a refund because her capacity as administrator gives her standing to sue on behalf of the estate, her argument is irrelevant. As administrator, petitioner merely stands in the shoes of Mr. Kaufman. See Estate of Jayne v. Commissioner, 61 T.C. 744, 750 (1974). Mr. Kaufman's estate has no claim for a refund because Mr. Kaufman was the one responsible for the underpayment of taxes and is therefore not an innocent spouse. Furthermore, the denial of section 6015(f) relief would not cause the estate economic hardship because Mr. Kaufman is deceased. See Jonson v.

<u>Commissioner</u>, 118 T.C. 106, 126 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Rev. Proc. 2003-61, sec. 4.02(1)(c), 2003-2 C.B. 296, 298.

To the extent petitioner is arguing that we should look through the estate, that position is without basis in law. It is well settled that an estate is a separate entity for Federal tax purposes. See <u>Hartley v. Commissioner</u>, 295 U.S. 216, 218 (1935); <u>Biewer v. Commissioner</u>, 341 F.2d 394, 396 (6th Cir. 1965), affg. 41 T.C. 191 (1963); <u>Boykin v. Commissioner</u>, 16 B.T.A. 477, 479 (1929). The same is also true under Ohio probate law. See <u>In re Estate of Gamble</u>, 8 Ohio Misc. 314, 322 (Prob. Ct. 1966). To ignore the existence of the estate, as petitioner asks us to do, would require us to overrule long-standing Federal law and completely disregard Ohio State law. We decline to do so.

Although we are aware that the Court of Appeals for the Sixth Circuit stated in <u>DeNiro v. United States</u>, 561 F.2d 653, 657 (6th Cir. 1977), that "one other than the actual payer of a tax may have standing to sue for a refund", the Court of Appeals later clarified in <u>Estate of Fink v. United States</u>, 852 F.2d 153, 155 (6th Cir. 1988), that <u>DeNiro</u> addressed a situation where a corporation paid the tax liability of its controlling shareholder and the transaction was treated as the distribution of a constructive dividend used to pay the tax liability. Unlike <u>DeNiro</u>, there can be no constructive distribution to petitioner.

Under Ohio law, the decedent's personal property is delivered to the distributees after payment of the estate's debts, and legal and beneficial ownership of the personal property vests in the distributees only upon that delivery. Cent. Natl. Bank, Sav. & Trust Co. v. Gilchrist, 154 N.E. 811, 812 (Ohio Ct. App. 1926). The U.S. Government held a lien on the assets of the estate due to Mr. Kaufman's unpaid tax liabilities (which includes his 2000 individual tax liability). See sec. 6321. Because petitioner is the residuary beneficiary of the estate, her claim to the estate's assets is subordinate to those of the estate's creditors because, as the Ohio Supreme Court explained, "'A residuary devisee or legatee is presumed in law to be in the position of the last lienholder, after all prior lawful claims and charges have been satisfied out of the estate.'" See Estate of Tessmer v. Commissioner, T.C. Memo. 1994-401 (quoting YMCA v. Davis, 140 N.E. 114, 114 (Ohio 1922), affd. 264 U.S. 47 (1924)). If we treated petitioner as having received a constructive distribution from Mr. Kaufman's estate, we would impermissibly elevate her residuary claim ahead of the lien held by the Government.

Furthermore, the creation of a constructive distribution would be pointless because petitioner would not have been able to pay the Kaufmans' joint tax liabilities using the proceeds of a premature distribution. The Government's lien would have

followed such a distribution into petitioner's hands.  See <u>United States v. Bess</u>, 357 U.S. 51, 57 (1958).

Accordingly, we hold that petitioner is not entitled to innocent spouse relief under section 6015(b), (c), or (f).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.