T.C. Summary Opinion 2016-24

UNITED STATES TAX COURT

LYNN MARIE DOMASCHKO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8416-15S.                        Filed May 23, 2016.

Lynn Marie Domaschko, pro se.

<u>Michael E. D'Anello</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions

of section 7463 of the Internal Revenue Code.[1]  Pursuant to section 7463(b), the

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This proceeding was commenced under section 6015 for review of respondent's final determination that petitioner is not entitled to relief from joint and several liability with respect to an understatement of Federal income tax reported on a joint Federal income tax return filed for 2011.  This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121.  Respondent contends that no genuine dispute exists as to any material fact.  Petitioner has not responded to the motion, despite an order from this Court instructing her to do so.[2]

Background

The following facts are based on the parties' pleadings, including respondent's motion and the exhibits attached thereto.  See Rule 121(b).  Petitioner resided in Maine when she filed her petition.

Petitioner and her ex-husband, Peter Kosmala, timely filed a joint Form 1040, U.S. Individual Income Tax Return, for their taxable year 2011, showing tax due of $23,158 and reporting withholding of $32,053.  The Form 1040 showed an

[2]By order dated April 6, 2016, the Court directed petitioner to file, on or before May 6, 2016, a response to respondent's motion.  No response was filed by petitioner.

$11,459 overpayment, which respondent refunded to petitioner and Mr. Kosmala on May 14, 2012.

Respondent subsequently examined petitioner and Mr. Kosmala's joint 2011 return, and on December 30, 2013, assessed a $4,257 deficiency[3] against petitioner and Mr. Kosmala for their taxable year 2011.

In 2013 petitioner received wages from the Town of Kennebunk, Maine, and Alano Sportswear, Inc., of $4,720 and $1,148, respectively. Petitioner did not have any Federal income tax withheld from these wages. In 2013 Mr. Kosmala received wages of $155,204 from the American Association of Advertising and had $26,489 withheld for Federal income tax.

Petitioner and Mr. Kosmala timely filed a joint Form 1040 for the taxable year 2013 showing tax due of $20,976, which respondent assessed on May 5, 2014. The Form 1040 reported withholding of $26,489, which generated an overpayment of $5,513. On April 15, 2014, respondent applied $4,594.38 of the $5,513 overpayment for 2013 against petitioner and Mr. Kosmala's outstanding 2011 income tax liability. The $4,594.38 satisfied petitioner and Mr. Kosmala's outstanding income tax liability, interest, and late payment addition to tax for

---

[3]Respondent also assessed interest and a late payment addition to tax.

2011. Respondent refunded to petitioner and Mr. Kosmala the remaining $918.62 on May 5, 2014.

Petitioner and Mr. Kosmala finalized their divorce on or about July 24, 2014. On November 26, 2014, respondent received from petitioner a Form 8857, Request for Innocent Spouse Relief, requesting relief from joint and several liability for the taxable year 2011. In the Form 8857 petitioner asserts that she should not be held responsible for the 2011 tax liability and is entitled to a refund. Respondent issued petitioner a final determination dated February 12, 2015, determining that petitioner was not entitled to relief under section 6015(b), (c), or (f). Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of

law.  FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).  In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993).  However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

Petitioner failed to respond to respondent's motion and has failed to demonstrate that there is a genuine dispute for trial.[4]  Because petitioner failed to respond to respondent's motion, the Court could enter a decision against her for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

---

[4]By failing to respond to the assertions in the motion, petitioner waived her right to contest them.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.

## Innocent Spouse Relief

Generally, married taxpayers who file a joint Federal income tax return are jointly and severally liable for the tax reported on the return. Sec. 6013(d)(3); see also sec. 1.6013-4(b), Income Tax Regs. Section 6015 allows a spouse to obtain relief from joint and several liability in certain circumstances. Section 6015(a)(1) provides that a spouse who has made a joint return may elect to seek relief from joint and several liability under section 6015(b), which deals with relief from liability for an understatement of tax with respect to a joint return. Section 6015(a)(2) provides that an eligible spouse may elect to limit that spouse's liability for any deficiency with respect to a joint return under section 6015(c), which deals with relief from joint and several liability for taxpayers who are no longer married or who are legally separated or no longer living together. If a taxpayer does not qualify for relief under either section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f). Under section 6015(f), the Secretary has discretion to grant equitable relief for any unpaid tax or any deficiency (or any portion of either) to a spouse who filed a joint return.

Respondent determined that petitioner and Mr. Kosmala were liable for an income tax deficiency, interest, and a late payment addition to tax for their taxable year 2011. This liability was satisfied in full using a portion ($4,594.38) of the

overpayment ($5,513) from petitioner and Mr. Kosmala's taxable year 2013.

Petitioner argues that she should not be held responsible for the 2011 tax liability

and is entitled to a refund. See Kaufman v. Commissioner, T.C. Memo. 2010-89,

2010 Tax Ct. Memo LEXIS 115, at *5 (holding that the satisfaction of a joint tax

liability does not render a requesting spouse's innocent spouse claim moot because

the requesting spouse may be entitled to a refund of the tax paid).

Section 6402 allows the Internal Revenue Service to credit an overpayment

to "the person who made the overpayment". In the case of married taxpayers

filing jointly, "a joint income tax return does not create new property interests for

the husband or the wife in each other's income tax overpayment.  * * *

[T]he * * * [spouse] having paid the entire amount of the tax is entitled to the

entire amount of the overpayment." Rev. Rul 74-611, 1974-2 C.B. 399. "[C]ourts

have consistently found that a refund should be disbursed in proportion to the

amount each spouse paid to the taxes owed." United States v. MacPhail, 149 F.

App'x 449, 453 (6th Cir. 2005). Moreover, Rev. Proc. 2013-34, sec. 4.04, 2013-

43 I.R.B. 397, 403, discusses tax liabilities paid in innocent spouse cases and

states:

> .04. Refunds.  In both understatement and underpayment cases,
> a requesting spouse is eligible for a refund of separate payments made
> by the requesting spouse after July 22, 1998, if the requesting spouse

establishes that the funds used to make the payment for which a refund is sought were provided by the requesting spouse. A requesting spouse is not eligible for refunds of payments made with the joint return, joint payments, or payments that the nonrequesting spouse made. <u>A requesting spouse, however, may be eligible for a refund of the requesting spouse's portion of the requesting and nonrequesting spouse's joint overpayment from another tax year that was applied to the joint income tax liability to the extent that the requesting spouse can establish that the requesting spouse provided the funds for the overpayment</u>. The availability of refunds is subject to the refund limitations of section 6511. [Emphasis added.]

Even if we assume, arguendo, that petitioner is eligible for innocent spouse relief under section 6015, she would not be entitled to a refund for 2011. Petitioner did not contribute any funds to the payment of the joint 2013 tax liability that resulted in an overpayment, which was subsequently applied against the 2011 liability. Petitioner and Mr. Kosmala's 2013 overpayment of $5,513 was solely attributable to Mr. Kosmala's payment of $26,489 via Federal income tax withholdings. Although petitioner received wages of $5,868 during 2013, she had no Federal income tax withheld from those wages and has presented no alternative theory suggesting that she contributed to the payment of the joint 2013 liability. Caselaw and administrative guidance are clearly in accord that petitioner did not acquire a property interest in the 2013 overpayment; that year's tax liability was paid wholly and exclusively by Mr. Kosmala. <u>See</u> <u>MacPhail</u>, 149 F. App'x at 453; <u>see also</u> Rev. Rul. 74-611, <u>supra</u>. Because petitioner did not have an ownership

interest in the 2013 overpayment (which in turn was used to satisfy the outstanding 2011 tax liability), it follows logically that she could not be entitled to either a complete or a proportionate refund from the payment of her and her former husband's outstanding 2011 tax liability even if she were to show compliance with the requirements of section 6015(b), (c), or (f).

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.